J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
SAPNA S. MEHTA (CSB No. 288238)
smehta@fenwick.com
EARL MAH (CSB No. 296984)
emah@fenwick.com
DARGAYE C. CHURNET (CSB No. 303659)
dchurnet@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

Counsel for Defendants
NETFLIX, INC. and NETFLIX STREAMING
SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REALTIME ADAPTIVE STREAMING LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>NETFLIX, INC. and NETFLIX STREAMING SERVICES, INC.,<br><br>            Defendants. | Case No.: 2:19-cv-06361-GW(JCx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS NETFLIX, INC. AND NETFLIX STREAMING SERVICES, INC. FOR AWARD OF COSTS AND ATTORNEY'S FEES UNDER RULE 41(D); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          November 18, 2019<br>Time:          8:30 a.m.<br>Courtroom:   9D<br>Judge:         George H. Wu |

FENWICK & WEST LLP
ATTORNEYS AT LAW

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on November 18, 2019, at 8:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 9D of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendants Netflix, Inc. and Netflix Streaming Services, Inc. (collectively, "Netflix"), will, and hereby do, move the Court under Federal Rule of Civil Procedure 41(d) to order Plaintiff Realtime Adaptive Streaming LLC ("Realtime") to pay Netflix's fees and costs for Realtime's previously-filed case against Netflix in the District of Delaware, *Realtime Adaptive Streaming LLC v. Netflix, Inc. et al.*, Case No. 1:17-cv-01692 (D. Del.) (the "Delaware Action"). Netflix also seeks a stay of this case, under Rule 41(d)(2), until Realtime pays such fees and costs.

Realtime sued Netflix in Delaware on November 21, 2017, asserting many of the same patents it now asserts here and in related Case No. 2:19-cv-06359, (the "California Actions"). On December 12, 2018, the Magistrate Judge recommended dismissing Realtime's claims on U.S. Patent Nos. 8,934,535; 9,769,477; 9,762,907; and 7,386,046 because those patents claimed ineligible subject matter under 35 U.S.C. § 101. (Delaware Action, Dkt. 48.) Realtime objected to the recommendation and sought leave to amend its complaint. Then, before the court ruled on either the objections or the motion, Realtime voluntarily dismissed the case. In other words, Realtime retreated from the court in which it chose to file in order to avoid an invalidity judgment. Netflix incurred substantial fees and costs in defending the Delaware Action during the twenty months before Realtime dismissed it, including filing and arguing the successful motion to dismiss on § 101 grounds and opposing Realtime's related motion for leave to amend its complaint. Rule 41(d) exists precisely to discourage such forum shopping and to make whole defendants who have incurred wasted costs and fees as a result. Netflix seeks $345,961.67 in fees and costs as set forth in declarations of J. David Hadden and Isaac Peterson.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Netflix bases this Motion on this Notice of Motion, the Memorandum of Points and Authorities, the supporting declarations of J. David Hadden and Isaac Peterson, all exhibits thereto, all judicially noticeable facts, all documents, pleadings and records in the Court's file, and on such other oral and documentary evidence and argument as may be presented to the Court at or before the time of hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 12, 2019.

Dated:  October 7, 2019                     FENWICK & WEST LLP


By:   /s/ J. David Hadden
      J. David Hadden
      Attorneys for Defendants
      NETFLIX, INC. and NETFLIX
      STREAMING SERVICES, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................... 1

II.   FACTUAL BACKGROUND ..................................................................... 2

III.  ARGUMENT .............................................................................................. 5

    A.    The Court should award Netflix its costs in defending against Realtime's substantially identical lawsuit in Delaware to deter forum shopping and to compensate Netflix for expenses incurred in its defense. ....................................... 5

        1.   Realtime asserts substantially the same claims against the same defendants in California as it did in Delaware. ............................................................................. 7

        2.   Netflix incurred undue expense due to Realtime's forum shopping. ................................................................ 8

    B.    The Court should stay the California actions until Realtime has satisfied the award of costs requested in this motion. .................. 11

IV.  CONCLUSION ....................................................................................... 11

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Pawn & Jewelry, Inc. v. Leadsonline, LLC*,
No. 3-09-CV-1553-G, 2010 WL 11619097
(N.D. Tex. Jan. 20, 2010) ...................................................................................... 6

*Anders v. FPA Corp.*,
164 F.R.D. 383 (D.N.J. 1995) ............................................................................... 6

*Behrle v. Olshansky*,
139 F.R.D. 370 (W.D. Ark. 1991) ......................................................................... 6

*Eager v. Kain*,
158 F. Supp. 222 (E.D. Tenn. 1957) ...................................................................... 6

*Esquivel v. Arau*,
913 F. Supp. 1382 (C.D. Cal. 1996) .............................................................. *passim*

*Hacopian v. U.S. Dep't of Labor*,
709 F.2d 1295 (9th Cir. 1983) ........................................................................... 5, 8

*Jurin v. Google Inc.*,
695 F. Supp. 2d 1117 (E.D. Cal. 2010) ............................................................. 6, 7

*Koch v Hankins*,
8 F.3d 650 (9th Cir.1993) ...................................................................................... 6

*Lennard v. Yeung*,
No. CV 10-09322 MMM, 2011 WL 13217925
(C.D. Cal. Aug. 16, 2011) ............................................................................ 6, 8, 11

*Nielsen v. Union Bank of Cal., N.A.*,
No. CV 02-06942 MMM, 2003 WL 27374136
(C.D. Cal. Mar. 31, 2003) ................................................................................ 6, 11

*Realtime Adaptive Streaming LLC v. Google LLC*,
C.D. Cal., Case No. 2:18-cv-03629 ....................................................................... 3

*Rogers v. Wal-Mart Stores, Inc.*,
230 F.3d 868 (6th Cir. 2000) ................................................................................. 6

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

**Page(s)**

*Sammons v. Economou*,
No. SA-18-CA-194-FB (HJB), 2018 WL 7351695
(W.D. Tex. 2018) .................................................................................................... 6

*Simeone v. First Bank N.A.*,
971 F.2d 103 (8th Cir. 1992) ..................................................................... 5, 6, 8

*Whitehead v. Miller Brewing Co.*,
126 F.R.D. 581 (M.D. Ga. 1989) .......................................................................... 6

*Zucker v. Katz*,
No. 87 Civ. 7595, 1990 WL 20171 (S.D.N.Y. Feb. 21, 1990) ............................. 6

**STATUTES**

35 U.S.C. § 101 ......................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 41(a) ............................................................................................. 4

Fed. R. Civ. P. 41(d) ................................................................................... *passim*

FENWICK & WEST LLP
ATTORNEYS AT LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

This case, together with its related action 2-19-cv-06359, presents a near carbon copy of one that Realtime brought in the District of Delaware two years ago and voluntarily dismissed after the court recommended ruling four of its patents invalid.  The Magistrate Judge in that case issued a lengthy and well-reasoned report and recommendation disposing of most of Realtime's claims.  Realtime objected to the report and, seven months after that, filed a motion for leave to amend its complaint to moot the Magistrate Judge's recommendation.  With these issues still pending, Realtime dismissed the case and one day later re-filed the same claims in this District, apparently to escape the impending invalidity judgment.  Realtime did so even though it had already successfully *opposed* transfer to California, where Netflix maintains its headquarters and the bulk of its relevant evidence.  This is the very definition of forum shopping:  once Realtime faced a loss in its chosen venue, it dismissed and took the same dispute to one it had previously fought tooth-and-nail to avoid.  Realtime's decision to dismiss and re-file wasted not only the work of the Delaware court, but most of the resources Netflix expended in defending the case for over twenty months.

The parties conferred on this motion on September 12, 2019, including a discussion of Netflix's request for reimbursement of its fees and costs.  Realtime then amended both complaints to drop one patent and swap another with a related patent from the same family, in a transparent attempt to introduce some distinction between the Delaware and California disputes.  The cases nonetheless remain substantially identical.

Federal Rule of Civil Procedure 41(d) exists to deter such forum shopping and vexatious litigation.  Under the rule, the Court "may order the plaintiff to pay all or part of the costs of that previous action" and "stay the proceedings [in the action] until the plaintiff has complied." Fed. R. Civ. P. 41(d).  This Court has interpreted

FENWICK & WEST LLP
ATTORNEYS AT LAW

Rule 41(d)'s cost-shifting provision to permit an award of attorney's fees as part of the costs of the action. Including attorney's fees strengthens the deterrent effect of the rule and ensures that defendants who incur wasted expense receive adequate compensation. Here Netflix incurred $345,961.67 in wasted costs, inclusive of attorney's fees, in defending against Realtime's claims in Delaware. Netflix respectfully requests that the Court order Realtime to pay this amount, and that the Court stay this case under Rule 41(d)(2) until Realtime has made payment.

## II.    FACTUAL BACKGROUND

Realtime filed its complaint in the Delaware Action on November 21, 2017, asserting claims for infringement of six patents: U.S. Patent Nos. 7,386,046 (the "'046 Patent"), 8,634,462 (the "'462 Patent"), 8,934,535 (the "'535 Patent"), 9,578,298 (the "'298 Patent"), 9,762,907 (the "'907 Patent"), and 9,769,477 (the "'477 Patent"). (*See* Declaration of J. David Hadden in Support of Defendants' Motion for Award of Costs and Attorney's fees under Rule 41(d) ("Hadden Decl."), Ex. A.)

The case against Netflix was part of Realtime's nationwide litigation campaign against a disparate group of technology companies spanning the Central District of California, District of Colorado, District of Delaware, District of Massachusetts, and the Eastern District of Texas. (*Id.*, Ex. B (JPML Order Denying Transfer) at Schedule A.) Realtime filed a motion with the Judicial Panel on Multidistrict Litigation (JPML) requesting centralization of its cases in either the District of Colorado or the Eastern District of Texas. (*Id.*, Ex. B at 1.) Netflix and other defendants opposed centralization because, among other things, the cases lacked substantial overlap due to the number and variety of accused products and patents-at-issue. (*Id.*, Ex. B at 2.) The JPML denied the motion to centralize and transfer on August 1, 2018. (*Id.*)

On February 5, 2018, Netflix moved to dismiss the Delaware Action in its entirety under Rule 12(b)(6) because (1) the '535, '046, '907, and '477 patents (the "Fallon patents") claimed ineligible subject matter under 35 U.S.C. § 101; and

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

(2) Realtime failed to properly plead patent infringement of the remaining two patents (the '298 patent and the '462 patent). (Hadden Decl., Ex. C. (Netflix Motion to Dismiss) at 6-20.) Netflix also moved to transfer to the Northern District of California, where Netflix maintains its principal place of business, keeps the bulk of its relevant evidence, and where the majority of Netflix's relevant witnesses work. (*Id*., Ex. D. (Netflix Transfer Motion) at 10-13.) Realtime opposed, arguing that it had "no ties to California," and that transfer to California "would lead to greater expense, additional travel, and more work for Realtime." (*Id*., Ex. E (RT Opp. to Transfer Motion) at 9–10.)

The magistrate judge recommended denial of the transfer motion, giving weight to Realtime's choice to file in Delaware, which recommendation the district judge later adopted. (*Id*., Exs. G, H. (R&R Denying Transfer and Order Adopting R&R).) On December 12, 2018, the magistrate judge issued a report recommending granting Netflix's motion to dismiss as to the asserted Fallon patents and holding those patents ineligible under 35 U.S.C. § 101.[1] (*Id*., Ex. I. (R&R Recommending Dismissal in Part) at 20, 36.) Realtime objected to the report and recommendation and Netflix responded to those objections. (*Id*., Exs. J, K.)

While its objections remained pending, Realtime moved for leave to amend its complaint on June 26, 2019, despite denial of an earlier attempt to amend. (*Id*., Ex. L (RT Motion for Leave to Amend the Complaint); *Id*., Ex. I (R&R Recommending Dismissal in Part) at 20-21.) On July 19, 2019, the presiding district judge, Judge Connolly, held five other patents owned by a Realtime affiliate ineligible under § 101 in a different case. (*Id*., Ex. N.) Realtime had relied on three of these patents, now

---

[1] In the meantime, Realtime received a more favorable ruling on a similar motion to dismiss before this Court. (*See* Dkt. 36, *Realtime Adaptive Streaming LLC v. Google LLC*, C.D. Cal., Case No. 2:18-cv-03629, Oct. 25, 2018.) The Court found claims 15-30 of the '535 patent to be directed to patent-ineligible subject matter (*id*. at 10-11) but denied the motion without prejudice as to '046 patent and '477 patent (*id*. at 8.)

ruled ineligible, to argue for the eligibility of the patents asserted against Netflix. (*Id.*, Ex. L (RT Motion for Leave to Amend the Complaint) at 5-6.)  On July 22, 2019, Netflix submitted this order as supplemental authority requiring denial of leave to amend.  (*Id.*, Exs. N-O.)  Later that same day, Realtime voluntarily dismissed its complaint in the Delaware Action under Fed. R. Civ. P. 41(a)(1)(A)(i), before Judge Connolly ruled on Realtime's objections to the magistrate judge's report.  (*Id.*, Ex. P.) Realtime also represented in its dismissal notice that each party would bear its own costs, but Netflix never agreed to forego recovery of its costs and Judge Connolly did not issue any order requiring as much.  (*Id.*, Ex. P.)  The next day, Realtime filed new complaints in California, alleging patent infringement of the same patents asserted in Delaware.[2]

The parties conferred on this motion on September 12, 2019.   Shortly thereafter, on September 20, 2019, Realtime amended both complaints to introduce some basis to distinguish them from the case in Delaware.  It reduced the number of codecs it accused of infringing the '777 patent.  It also dropped the '293 patent, and replaced the '907 patent with the '879 patent from the same family.  The new '879 patent is a continuation of the currently asserted '046 patent and has the same figures and specification.  The independent claims (1 and 10) of the '879 patent are a near copy of claim 1 of the '535 patent.  (*See* Hadden Decl., Ex. X.)  Realtime accuses the same "instrumentalities" of infringing the '879 patent as the other Fallon patents. The following chart compares the asserted patents in the Delaware and California cases:

---

[2] U.S. Patent No. 8,634,462 re-issued as U.S. Patent No. RE46,777 on April 3, 2018, with minor changes.  Realtime asserts RE46,777 in Case No. 2:19-cv-06359, also before this Court.

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Delaware | California – original complaints | |
|---|---|---|
| '046 Patent | '046 Patent | '777 Patent (reissue of '462) |
| '535 Patent | '535 Patent | |
| '477 Patent | '477 Patent | '298 Patent |
| '907 Patent | '907 Patent | |
| '462 Patent | | |
| '298 Patent | **California – amendments after costs request** | |
| | '046 Patent | '777 Patent (reissue of '462) |
| | '535 Patent | |
| | '477 Patent | Dropped '298 Patent |
| | Dropped '907 Patent | |
| | Added '879 Patent from same family | |

## III.   ARGUMENT

**A.   The Court should award Netflix its costs in defending against Realtime's substantially identical lawsuit in Delaware to deter forum shopping and to compensate Netflix for expenses incurred in its defense.**

Federal Rule of Civil Procedure 41(d) empowers courts to award "costs" to a defendant after a "plaintiff who previously dismissed an action in any court" then "files an action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d).  The rule serves "as a deterrent to forum shopping and vexatious litigation." *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (quoting *Simeone v. First Bank N.A.*, 971 F.2d 103, 108 (8th Cir. 1992)); *see also Hacopian v. U.S. Dep't of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983).  It also serves an equally important purpose: "compensat[ing] a party who has incurred unnecessary expenditures because of an opponent's vexatious conduct during the course of a litigation." *Esquivel*, 913 F. Supp. at 1391.  Courts may award costs under Rule 41(d) even *without* "a determination of subjective 'bad faith'" on the part of the plaintiff. *Id.* n.14.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Courts in this district have included the defendant's attorney's fees as part of Rule 41(d) cost awards.[3]  *See Esquivel*, 913 F. Supp. at 1391.  This makes sense because "the typical defendant cannot adequately defend a case without incurring such fees," and an award of costs alone would not adequately compensate a defendant for the plaintiff's misconduct.  *Id.*; *see also Lennard v. Yeung*, No. CV 10-09322 MMM (AGRx), 2011 WL 13217925, at *6 (C.D. Cal. Aug. 16, 2011) ("Reading Rule 41(d) as authorizing an award of attorney's fees is consistent with" the policy rationale of the Rule, intending to limit "the potential for abusive litigation by a plaintiff."); *Nielsen v. Union Bank of Cal., N.A.*, No. CV 02-06942 MMM (CWx), 2003 WL 27374136, at *5-6 (C.D. Cal. Mar. 31, 2003) (awarding attorney's fees as costs); *Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010) (same). This Court can, and should, do the same here to ensure Netflix receives adequate compensation for Realtime's forum shopping.[4]

---

[3] This is consistent with the law of a majority of courts.  *See, e.g.*, *Esquivel, 913 F. Supp.* at 1388-92 (affirming fee award); *Behrle v. Olshansky*, 139 F.R.D. 370, 373–75 (W.D. Ark. 1991) (same); *Zucker v. Katz*, No. 87 Civ. 7595, 1990 WL 20171, at *2 (S.D.N.Y. Feb. 21, 1990) (same); *Whitehead v. Miller Brewing Co.*, 126 F.R.D. 581, 582-83 (M.D. Ga. 1989) (same); *Eager v. Kain*, 158 F. Supp. 222, 223 (E.D. Tenn. 1957) (same); *Sammons v. Economou*, No. SA-18-CA-194-FB (HJB), 2018 WL 7351695, at *4 (W.D. Tex. 2018) (same).  Some courts, however, have held that fees may not be awarded as costs under Rule 41(d).  *See, e.g.*, *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (fees are not available under 41(d)); *Anders v. FPA Corp.*, 164 F.R.D. 383, 388-91 (D.N.J. 1995) (same); *Simeone*, 125 F.R.D. at 155 (D. Minn. 1989) (same); *Am. Pawn & Jewelry, Inc. v. Leadsonline, LLC*, No. 3-09-CV-1553-G, 2010 WL 11619097, at *3 (N.D. Tex. Jan. 20, 2010) (same).

[4] Courts requiring payment of costs under Rule 41(d) should generally avoid "impos[ing] any costs associated with work that will still be useful to defendants in the instant litigation." *Esquivel*, 913 F. Supp. at 1388; *see also Koch v Hankins*, 8 F.3d 650, 652 (9th Cir.1993) (plaintiff can only be required to pay costs arising from "the preparation of work product rendered useless by the dismissal"). However, costs incurred in preparing motions to dismiss, such as that filed by Netflix in the Delaware Action, are recoverable under Rule 41(d). *See Esquivel*, 913 F. Supp. at 1388.

FENWICK & WEST LLP
ATTORNEYS AT LAW

### 1. Realtime asserts substantially the same claims against the same defendants in California as it did in Delaware.

Rule 41(d) authorizes the award of costs where a plaintiff voluntarily dismisses one action and then files another that is "based on or includ[es] the same claim against the same defendant." Fed. R. Civ. P. 41(d). That is the case here. In the Delaware Action, Realtime asserted the following patents against Netflix: the '046 patent, the '462 patent, the '535 patent, the '298 patent, the '907 patent, and the '477 patent. (Hadden Decl., Ex. A.) Realtime originally asserted the exact same patents in these cases. (Dkt. 1; Case No. 19-cv-6359, Dkt. 1.) Realtime also accused the same products of infringement. In both the Delaware Action and the California Actions, Realtime defines the "accused instrumentalities" as follows: "Netflix's streaming video service; Netflix's video encoders or codecs including x264, x265 and libvpx; and Netflix's mobile encoders, encoders or codecs including AVCMain (H.264/AVC Main), H.264/AVC High, VP9, AVCHi-Mobile and VP9-Mobile, and all versions and variations thereof." (*Compare* Dkt. 14, ¶ 14 to Hadden Decl., Ex. A at ¶ 16.)

Realtime's recent amendments—to reduce this list of accused products for one patent and swap out two others—are irrelevant. The Delaware and California cases remain substantially the same dispute, asserting the same claims against the same defendants.[5] *See* Fed. R. Civ. P. 41 (d) (costs appropriate if "plaintiff who previously dismissed an action in any court files an action *based on or including* the same claim against the same defendant") (emphasis added); *see also Esquivel*, 913 F. Supp. at 1385-86 (costs appropriate where the earlier dismissed action had six claims and the later filed action had 12 claims, some of which were asserted in the dismissed action); *Jurin v. Google*, 695 F. Supp. 2d at 1123 (costs appropriate where previously

---

[5] *Compare also* Counts I in Case No. 19-cv-06359 Amended Complaint *with* Count II in the Delaware Action (Hadden Decl., Ex. A at 16-27) *and* Counts I, II and IV in the Amended Complaint in this action *with* Counts I, III, and VI in the Delaware Action (Hadden Decl., Ex. A at 4-16, 27-38, 46-70).

FENWICK & WEST LLP
ATTORNEYS AT LAW

dismissed action was "almost identical" to the later filed action, even where the later filed action included additional claims); *Lennard v. Yeung*, 2011 WL 13217925 at *6 (costs appropriate where the later filed action had fewer claims than the earlier dismissed action but "[t]he operative facts giving rise to both actions" were the same).

Because Realtime voluntarily dismissed the Delaware Action only to file substantially identical claims in another district, Rule 41(d) applies with full force here.

### 2.   Netflix incurred undue expense due to Realtime's forum shopping.

Awarding Netflix its costs and fees incurred in defending the Delaware Action would further Rule 41(d)'s dual goals of deterrence and compensation for litigation misconduct.

As detailed in the Declarations of J. David Hadden and Isaac Peterson, Netflix seeks compensation for $345,961.67 in costs, inclusive of attorney's fees, incurred in the defense of the Delaware Action.  These costs and attorney's fees were reasonably incurred and have now largely gone to waste because of Realtime's decision to change venue to avoid an imminent dismissal. *See Esquivel*, 913 F. Supp. at 1391; *Hacopian*, 709 F.2d at 1297.  Realtime's conduct merits an award of costs under Rule 41(d).

*First*, after a court in the District of Colorado denied a motion to dismiss the '535 patent and related U.S. Patent No. 8,867,610 under § 101 without prejudice, citing the need for claim construction, Realtime sought centralization of its nationwide campaign, including the Delaware Action, in Colorado via multidistrict litigation. (Hadden Decl., Ex. B.)  It did so because it wanted the Colorado court to resolve the § 101 issue the same way in its other cases, despite the fact that venue would otherwise be improper and inconvenient for a significant number of defendants, including Netflix.  (*Id.*, Ex. B.)

FENWICK & WEST LLP
ATTORNEYS AT LAW

8

*Second*, Realtime opposed Netflix's request to transfer of the Delaware Action to the Northern District of California, fighting to keep the suit in Delaware, and going so far as to argue that its choice to sue in Delaware should be given weight and that litigating in California would cause it and its witnesses prejudice. (*Id.*, Ex. E.) Realtime would later abandon its own chosen venue to file in *this* District, which is even farther from Realtime's New York-based witnesses than the Northern District of California.

*Third*, Realtime opposed Netflix's motion to dismiss on § 101 grounds, filed objections to the magistrate judge's report and recommendation, and then sought leave to amend its complaint, only to eventually flee that court to avoid an unfavorable invalidity determination. Indeed, it filed its notice of dismissal—without notifying or consulting with Netflix—just *hours* after Netflix advised the Delaware court of Judge Connolly's recent determination that related Realtime patents were invalid. (*Id.*, Exs. N-P.) Those now-invalid patents are relevant to the patents asserted against Netflix as Realtime itself argued in its motion for leave to amend. (*Id.*, Ex. L.) Netflix incurred significant costs in litigating and defending the Delaware Action for more than twenty months, now gone to waste because of Realtime's decision to fold its tent and try its luck in a different forum.

These facts paint a clear picture of forum shopping that justifies an award of fees and costs. *Esquivel* confirms this. There, the plaintiff engaged in "blatant forum-shopping" by filing suit in the Southern District of New York, forcing the defendant to "produce a detailed and comprehensive motion to dismiss," only to voluntarily dismiss that action and re-file in the Central District of California. *Esquivel*, 913 F. Supp. at 1386. The plaintiff "failed to present a persuasive explanation for [his] course of litigation." *Id.* at 1388. The court awarded both expenses and attorney's fees, emphasizing that "the purpose of Rule 41(d) is to discourage indiscriminate and vexatious litigation and unnecessary expenditures by defending parties." *Id.* at 1391. The court noted that the prejudice to the defendant,

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

and the need for a compensatory award, was "especially apparent where, as here, the defendant has undertaken to file a lengthy motion to dismiss." *Id.* The facts of this case are even more extreme, as Realtime's forum shopping caused Netflix even more expense: Netflix briefed and argued a transfer motion; successfully opposed centralization as a multidistrict litigation; briefed and argued a motion to dismiss under § 101; responded to Realtime's objections to the magistrate judge's report and recommendation; and opposed a motion for leave to amend the complaint. Realtime filed its case in Delaware, opposed transfer on the grounds that litigating in California would be inconvenient, and then retreated to California when it became clear its patents would be invalidated. This is the exact sort of conduct Rule 41(d) is intended to deter and Realtime should be ordered to pay Netflix's costs and fees in the Delaware Action that are now wasted due to Realtime's actions.

Netflix seeks the costs, including attorney's fees, it reasonably incurred over the twenty months spent defending the Delaware case totaling $345,961.67. Netflix seeks compensation for $192,855.56 in fees and costs reasonably incurred by Winston & Strawn LLP for briefing on the motion to dismiss the Delaware Action, the opposition to the motion to consolidate before JPML, and the motion to transfer the Delaware Action to the Northern District of California. (*See* Peterson Decl. at ¶¶ 9, 10, 13.) Netflix seeks compensation for $20,611.74 in fees and costs reasonably incurred by Morris Nichols Arsht & Tunnell for its work as local counsel in the Delaware case. (*Id*. at ¶¶ 11-13.) Netflix also seeks compensation for $132,494.37 in fees and costs reasonably incurred by Fenwick & West LLP in preparing for and arguing the motion to dismiss and motion to transfer, opposing Realtime's objections to the report recommending partial dismissal of the Delaware Action, and in opposing Realtime's motion for leave to amend its complaint in the Delaware Action. *See* (Hadden Decl. at ¶¶ 20-22.) Numerous courts have held that the rates of these counsel are reasonable for similar work. (*See* Peterson Decl. ¶ 6-8; Hadden Decl. ¶¶ 18-19.)

**B.      The Court should stay the California actions until Realtime has satisfied the award of costs requested in this motion.**

Under Federal Rule of Civil Procedure 41(d)(2), Netflix requests that the Court stay the California Actions pending Realtime's payment of Netflix's costs incurred in defending the Delaware Action. *See Esquivel*, 913 F. Supp. at 1393. Where courts have granted defendants costs pursuant to Rule 41(d), courts routinely grant stays pending payment of those costs. *See, e.g., id.* ("The Court has discretion to order a stay of the instant action pending plaintiff's payment of the costs and fees imposed under Rule 41(d)."); *Lennard*, 2011 WL 13217925, at *12 ("The court will stay the action until such time as payment is remitted and received."); *Nielsen*, 2003 WL 27374136, at *6 ("the court stays all further proceedings in this case pending payment of these fees"). A stay here is warranted to prevent Netflix from incurring additional unnecessary expenses and to ensure that Netflix receives adequate compensation.

## IV.      CONCLUSION

For the foregoing reasons, Netflix respectfully requests that the Court grant its motion for costs in the amount of $345,961.67 and for a stay of the California Actions pending Realtime's payment of any costs awarded by the Court.

Dated: October 7, 2019                    FENWICK & WEST LLP


By:   */s/ J. David Hadden*
         J. David Hadden
         Attorneys for Defendants
         NETFLIX, INC. and NETFLIX
         STREAMING SERVICES, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW