| | |
|---|---|
| 1 | J. DAVID HADDEN (CSB No. 176148) |
| | dhadden@fenwick.com |
| 2 | SAINA S. SHAMILOV (CSB No. 215636) |
| | sshamilov@fenwick.com |
| 3 | TODD R. GREGORIAN (CSB No. 236096) |
| | tgregorian@fenwick.com |
| 4 | FENWICK & WEST LLP |
| | Silicon Valley Center |
| 5 | 801 California Street |
| | Mountain View, CA 94041 |
| 6 | Telephone: 650.988.8500 |
| | Facsimile: 650.938.5200 |

Counsel for Defendants
NETFLIX, INC. and NETFLIX STREAMING SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REALTIME ADAPTIVE STREAMING LLC, | Case No.: 2:19-cv-06361-GW(JCx) |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANTS NETFLIX, INC. AND NETFLIX STREAMING SERVICES, INC. FOR SUPPLEMENTAL ATTORNEY FEES** |
| v. | |
| NETFLIX, INC. and NETFLIX STREAMING SERVICES, INC., | |
| Defendants. | Date: January 9, 2023 |
| | Time: 8:30 a.m. |
| | Courtroom: 9D |
| | Judge: Honorable George H. Wu |

NETFLIX'S MOTION FOR SUPPLEMENTAL ATTORNEY FEES    Case No. 2:19-cv-06361-GW(JCx)

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ............................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 2

I. INTRODUCTION ........................................................................................... 2

II. FACTUAL BACKGROUND .......................................................................... 3

    A. The Court awarded fees under 35 U.S.C. § 285 and its inherent power based on Realtime's exceptional conduct. ................... 3

    B. Realtime refused to satisfy the Court's judgment or post a bond, requiring Netflix to serve discovery responses and prepare a motion to compel. ................................................................ 5

    C. The Federal Circuit affirmed this Court's ruling. ................................ 7

III. ARGUMENT ................................................................................................... 8

    A. The Court should award Netflix's supplemental fees under 35 U.S.C. § 285. ................................................................................... 8

    B. This Court should also use its equitable power to award fees for Realtime's sanctionable conduct. ................................................ 10

    C. Netflix's requested attorney fees are reasonable. .............................. 12

IV. CONCLUSION ............................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Action Star Enter. Co. v. KaiJet Tech. Int'l, Ltd.*,
  No. cv 12-08074, 2015 WL 12752877 (C.D. Cal. June 24, 2015) ................. 9, 10

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
  421 U.S. 240 (1975) ................................................................................ 10

*Cent. Soya Co. v. Geo. A. Hormel & Co.*,
  723 F. 2d 1573 (Fed. Cir. 1983) ............................................................... 8

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ............................................................................ 10, 11

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) .............................................................................. 11

*Dippin' Dots, Inc. v. Mosey*,
  602 F. Supp. 2d 777 (N.D. Tex. 2009) ..................................................... 8

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001) ............................................................. 10, 12

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
  876 F.3d 1372 (Fed. Cir. 2017) ................................................................ 8

*Liberis v. Craig*,
  845 F.2d 326 (6th Cir. 1988) .................................................................. 11

*Primus Auto. Fin. Servs., Inc. v. Batarse*,
  115 F.3d 644 (9th Cir. 1997) .................................................................. 12

*Realtime Adaptive Streaming LLC v. Netflix, Inc.*,
  41 F.4th 1372 (Fed. Cir. 2022) ........................................................ 2, 7, 8

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  745 F.3d 513 (Fed. Cir. 2014) .................................................................. 9

*Tradeline Enters. Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC*,
  No. LA CV15-08048, 2019 WL 6898959 (C.D. Cal. Apr. 15, 2019) ......... 12

# TABLE OF AUTHORITES
## (Continued)

**Page(s)**

*Trs. of S. Cal. Bakery Drivers Sec. Fund. v. Middleton*,
  366 F. App'x 810 (9th Cir. 2010) .................................................................... 9

*Williamson v. Recovery Ltd. P'ship*,
  No. 2:06-CV-00292, 2017 WL 1196147 (S.D. Ohio Mar. 31, 2017) ................ 11

**STATUTES AND RULES**

35 U.S.C. § 101 ................................................................................................. 3

35 U.S.C. § 285 .......................................................................................... *passim*

Cal. Code of Civ. Proc. § 708.020 ..................................................................... 5

Cal. Code of Civ. Proc. § 708.030 ..................................................................... 5

Fed. R. Civ. P. 11 ............................................................................................ 11

Fed. R. Civ. P. 28(j) ........................................................................................ 13

Fed. R. Civ. P. 41 .............................................................................................. 4

Fed. R. Civ. P. 62 ......................................................................................... 5, 12

Fed. R. Civ. P. 69 .............................................................................................. 5

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on January 9, 2023, at 8:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 9D of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendants Netflix, Inc. and Netflix Streaming Services, Inc. (collectively, "Netflix") will, and hereby do, move under 35 U.S.C. § 285 and the Court's inherent power for an order directing Plaintiff Realtime Adaptive Streaming LLC ("Realtime") to pay Netflix's supplemental attorney fees in this action, in the related Case No. 2:19-cv-06359, and in Realtime's appeal in the United States Court of Appeals for the Federal Circuit, *Realtime Adaptive Streaming v. Netflix, Inc.*, Case No. 21-01484.

Netflix bases this motion on this Notice of Motion, the Memorandum of Points and Authorities, the supporting declaration of Todd R. Gregorian, all exhibits thereto, all judicially noticeable facts, all documents, pleadings, and records in the Court's file, and on such other oral and documentary evidence and argument as may be presented to the Court at or before the time of hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place during various discussions over several months, concluding as of November 9, 2022.

Dated: November 17, 2022    FENWICK & WEST LLP

By: _/s/ Todd R. Gregorian_
Todd R. Gregorian
Attorneys for Defendants
NETFLIX, INC. and NETFLIX
STREAMING SERVICES, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In November 2020, this Court granted in part Netflix's motion for attorney fees and costs, awarding $409,402.50 incurred in the two related cases before it. Case No. 2:19-cv-06361-GW(JCx) (the "6361 action"), Dkt. 70 & Case No. 2:19-cv-06359 (the "6359 action"), Dkt. 57 (together, "Fee Order"). The Federal Circuit affirmed the award, ruling that the "blatant gamesmanship presented by the facts of this case constitutes a willful action for an improper purpose, tantamount to bad faith, and therefore within the bounds of activities sanctionable under a court's inherent power." *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, 41 F.4th 1372, 1379-80 (Fed. Cir. 2022). Netflix has incurred substantial additional fees enforcing the Court's judgment and responding to Realtime's appeal of the same, and it seeks reimbursement for those fees as set forth in Section III.C and the declaration that accompanies this motion.

Such supplemental fee awards are routine, and here such an award is supported by the Court's original ruling. The Court found this case to be exceptional, explaining that, although a "close call," Realtime either knew or should have known that its claims were baseless when it filed the California actions and that Realtime's decision to file in California was "totally unjustified." Fee Order at 9. The same conduct supported the Court's invocation of its inherent power to sanction. *Id.* at 16. Consistent with its findings, the Court awarded Netflix the fees incurred in the California actions from their inception. Netflix's supplemental fees are similarly recoverable as they were incurred continuing to defend these meritless cases and enforcing the Court's judgment.

Indeed, Netflix has continued to incur fees due in part to Realtime's unreasonable conduct, a factor which, although not necessary to support a supplemental fee award, supports one. As soon as the Court entered judgment, Realtime reverted to its behavior of adopting baseless positions and then folding at

the last minute after forcing Netflix to waste effort preparing motions. Specifically, Netflix spent *months* trying to get Realtime to either satisfy the Court's judgment or post a bond to secure it pending appeal. It was only after Netflix sent numerous requests to Realtime for weeks, served Realtime with written discovery, set a debtor's examination, and provided a seventeen-page draft motion to compel concerning Realtime's bad faith refusal to respond that Realtime finally secured the judgment by posting cash at the Clerk's office in lieu of a bond.

The Court's original award represented just a portion of the millions that Netflix spent to defend itself from baseless claims that targeted its core business. That Realtime immediately went back to its old ways shows that a further deterrent is necessary. The Court previously acted within its discretion to limit the award to fees incurred in the California actions alone; Netflix respectfully requests that the Court award Netflix the supplemental fees it incurred as well, specifically in: defending Realtime's appeal, responding to Realtime's obstruction of judgment enforcement, and preparing this motion for supplemental fees.

## II.   FACTUAL BACKGROUND

### A.   The Court awarded fees under 35 U.S.C. § 285 and its inherent power based on Realtime's exceptional conduct.

In 2017, as part of a nationwide campaign against technology companies, Realtime sued Netflix in Delaware for infringement of six patents. *See* Fee Order at 1. Netflix moved to transfer the case to the Northern District of California, and Realtime opposed transfer. *Id.* Netflix also moved to dismiss, and the Magistrate Judge issued a report and recommendation that would have invalidated certain Realtime patents under 35 U.S.C. § 101. *Id.* at 1-2. Realtime objected to the recommendation and moved for leave to amend its complaint—only to voluntarily dismiss after the Delaware district court in a parallel case ruled that five of the patents were ineligible under § 101. *See id.* at 2. The next day, Realtime re-filed the same claims in two separate lawsuits here in the Central District of California, where it had received a

FENWICK & WEST LLP
ATTORNEYS AT LAW

more favorable outcome on a similar motion to dismiss. *Id.* Netflix moved for costs incurred in the dismissed Delaware action under Rule 41 and to transfer the cases back to the Delaware court that had already invested significant time into them. Realtime opposed, but once again voluntarily dismissed (this time with prejudice) when briefing was almost complete and before this Court ruled. *Id.*

Netflix then moved for attorney fees under 35 U.S.C. § 285 and the Court's inherent power to sanction, and, on November 23, 2020, the Court awarded fees for Netflix's work on the California actions in the amount of $409,402.50. *Id.* at 16. The Court first held that Netflix was the prevailing party under Section 285, because the second voluntary dismissal by rule was with prejudice and an adjudication on the merits. *Id.* at 3. The Court then held that this was an exceptional case, explaining that "[w]hether Realtime knew or should have known that its claims were baseless when it filed the California actions is in the end a close call; but one which this Court would be inclined to find tips over into the baseless range." *Id.* at 9. Further, "Realtime's awareness that its lawsuit in Delaware was undeniably tanking and its decision to run off to another jurisdiction in hopes of getting a more favorable forum was totally unjustified." *Id.* And "it was also exceptional for Realtime to oppose Netflix's motion to transfer these actions back to the District of Delaware for resolution in the forum where they were initially brought." *Id.* at 11. The Court also ruled that the same conduct supported the invocation of the Court's equitable power to award Netflix fees. *Id.* at 16.

The Court denied Netflix's fees for work in the Delaware case and in related *inter partes* review ("IPR") proceedings that Netflix had brought. The Court observed that there was no binding authority authorizing the Court to award these fees under either Section 285 or Rule 41. *Id.* at 11-13; *see also id.* at 12 ("the Federal Circuit has left this an open issue"). It therefore denied those fees based on its finding that the case became exceptional only after Realtime dismissed the Delaware action and simultaneously refiled in California. *Id.* at 13-14. At the time of the Court's

order, the fees incurred in the Delaware case and the IPR proceedings comprised most of the fees that Netflix had incurred: more than $2.3 million out of a total of roughly $2.7 million. *See* 6359 action, Dkt. 35-1 at ECF pp. 27-28; Fee Order at 14. As to the fees from the California actions, the Court found that "the award requested by Netflix's counsel represents an appropriate lodestar amount." *Id.* at 16.

### B. Realtime refused to satisfy the Court's judgment or post a bond, requiring Netflix to serve discovery responses and prepare a motion to compel.

The work for which Netflix requests its attorney fees includes substantial efforts to prevent Realtime from evading the Court's judgment. On December 23, 2020, the automatic stay of enforcement of the judgment expired. Fed. R. Civ. P. 62(a). The same day, Realtime appealed but did not post a bond as Rule 62 requires in order to extend the stay pending an appeal. *See id.*; *see* 6361 action, Dkt. 71; 6359 action, Dkt. 58. Instead, Realtime said it would *consider* posting a bond, but then failed to take any action to do so. Declaration of Todd R. Gregorian in Support of Motion of Defendants Netflix, Inc. and Netflix Streaming Services, Inc. for Supplemental Attorney Fees ("Gregorian Decl.") ¶¶ 10-12; *see also id.* at Ex. C.

Netflix continued to ask Realtime to pay the judgment or post a supersedeas bond, based on its concern that Realtime might not have a viable business or assets by the time an appeal concluded. *Id.* ¶¶ 12-13. Netflix therefore gave Realtime express notice that if it incurred yet more attorney fees attempting to secure the judgment, Netflix would seek to recover those fees from Realtime. *Id.* ¶ 12, Ex. C at 2. On February 12, 2021, having given Realtime nearly three months to post a bond, Netflix (1) served post-judgment discovery under Federal Rule of Civil Procedure 69 and California Code of Civil Procedure §§ 708.020 and 708.030, and (2) applied for a Judgment Debtor Examination. *Id.* ¶¶ 14-15, Exs. D-E; 6359 action, Dkt. 68. The Court ordered an examination on February 22, 2021 and set it for September 21, 2021. Gregorian Decl. ¶ 15; 6359 action, Dkt. 69.

On March 15, 2021, Realtime served its responses to Netflix's post-judgment discovery requests. Gregorian Decl. ¶ 16, Exs. F-G. Realtime did not answer a single interrogatory or produce any documents. Instead, it objected to each request with lengthy boilerplate objections, including that each request was "premature, as the 'judgment' that [Netflix] seeks to enforce is currently the subject of an appeal." *Id.* Despite multiple conferences in which Realtime's counsel could offer no basis in law for asserting this objection, Realtime did not withdraw it. *Id.* ¶¶ 17-18, Ex. H.

For the few requests to which Realtime responded beyond its general objections, Realtime did not agree to answer or produce any documents, instead replying that it was "willing to meet and confer regarding this [request], including to ascertain a reasonable and proportionate scope of this [request]." *Id.* ¶ 16, Exs. F-G. But during the following phone conferences, Realtime reversed course and refused to discuss its position with respect to any individual discovery request. *Id.* ¶ 17-18, Ex. H.

Throughout these conferences, Netflix also made Realtime multiple offers of compromise: (1) Realtime could pay the judgment in full; (2) Realtime could post a supersedeas bond in an appropriate amount; (3) Realtime could identify bank accounts with sufficient assets to satisfy the judgment and warrant that such funds will remain in the account until such time as Netflix prepares a levy; or (4) Realtime could provide an alternative proposal to provide information about other accounts/assets against which Netflix could immediately enforce the judgment. *Id.* ¶ 19, Ex. I. Realtime did not take up any of those offers or substantively respond to the discovery requests, and Netflix stated that it would move to compel the discovery. *Id.* ¶¶ 18-19.

Only at that point did Realtime finally express interest in posting a bond, and so Netflix agreed to wait to serve Realtime with any joint statement supporting a motion to compel Netflix's judgment-related discovery. *Id.* ¶ 19, Ex. I. Realtime stated on March 23, 2021 that it would post a supersedeas bond. *Id.* ¶ 20, Ex. J. But

nearly two weeks later, Realtime had still not done so. *Id.* ¶¶ 21-23. On April 5, 2021, Netflix therefore served Realtime a proposed joint stipulation in support of Netflix's motion to compel discovery responses—including a seventeen-page draft motion to compel, a supporting declaration, seven exhibits, and a proposed order. *Id.* ¶ 23, Ex. N. The very next day, on April 6, 2021, Realtime drafted and sent to Netflix a joint motion concerning posting cash with the Clerk to bond the judgment, which the parties filed on April 9, 2021. *Id.* ¶ 24, Ex. O.

### C. The Federal Circuit affirmed this Court's ruling.

Meanwhile, Realtime appealed this Court's Fee Order. It challenged the Court's rulings that Netflix was a "prevailing party," that Realtime's forum shopping was "exceptional," and that the Court could use its inherent power to award fees on the facts of this case. Fed. Cir. No. 21-1484 ("Appeal"), Dkt. 23. Netflix cross-appealed on January 4, 2021. 6361 action, Dkt. 72; 6359 action, Dkt. 63. It responded to Realtime's appeal and further argued that § 285 allows it to recover fees for the related IPR proceedings and Delaware litigation, Appeal, Dkt. 31, which, as this Court noted, is an issue of first impression for the Federal Circuit. *See* Fee Order at 12. Netflix contended that this Court had applied too stringent a standard in limiting the § 285 award to fees incurred in California once Realtime had notice that its claims were baseless. Appeal, Dkt. 31 at 51-52 (collecting cases).

The Federal Circuit upheld this Court's fee award. It agreed that Realtime's actions "support a finding of 'impermissible forum shopping'" and affirmed the Court's use of its inherent power to sanction as a basis to award fees. *Realtime*, 41 F.4th at 1379-80. The court explained that "Realtime's conduct does not amount to simply refiling; as the district court found, it is a misuse of the ability to refile to wipe the slate clean when the Delaware action was on the eve of issuing a potentially adverse merits ruling, and then select a new forum that clashed with Realtime's prior litigation position." *Id.* at 1379. And "[t]he blatant gamesmanship presented by the facts of this case constitutes a willful action for an improper purpose, tantamount to

bad faith, and therefore within the bounds of activities sanctionable under a court's inherent power in view of the Ninth Circuit's standard." *Id.* at 1379-80.

Because the Federal Circuit found that this Court properly used its inherent power to award fees based on Realtime's bad faith conduct, it did not reach the § 285 grounds that also supported the judgment. *Id.* at 1380. The Circuit also held that this Court did not abuse its discretion in declining to award fees for the Delaware action and IPR proceedings, without reaching the question of whether § 285 authorized the recovery of those types of fees generally. *Id.* In a separate opinion, Judge Reyna concurred with the majority's ruling but dissented in part because he "also believe[d] that the district court did not err in determining that two voluntary dismissals without prejudice is sufficient to confer prevailing party status under 35 U.S.C. § 285." *Id.* at 1381 (Reyna, J., concurring-in-part and dissenting-in-part).

### III. ARGUMENT

#### A. The Court should award Netflix's supplemental fees under 35 U.S.C. § 285.

Section 285 of the Patent Act authorizes the Court to award Netflix its "reasonable attorney fees" for fees incurred in an exceptional case after the initial fee award. Specifically, a party may recover fees incurred defending a later appeal. *See Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1380 (Fed. Cir. 2017) (affirming district court's award of fees under section 285 for work performed on appeal). The supplemental fee award may also include fees incurred in securing a fees award in the district court, as a prevailing party may recover "those sums that [it] incurs in the preparation for and performance of legal services related to the suit." *See Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F. 2d 1573, 1578 (Fed. Cir. 1983).

Netflix's supplemental fees incurred in enforcing the Court's fee award, defending against Realtime's appeal of the same, and preparing this motion should now be awarded based on the Court's prior exceptional-case finding. *See, e.g., Dippin' Dots, Inc. v. Mosey*, 602 F. Supp. 2d 777, 783 (N.D. Tex. 2009) (awarding

attorney fees for work to defend against second appeal and to pursue motion for attorney fees, based on the district court's earlier exceptional case holding). In finding the case exceptional, this Court explained that "[w]hether Realtime knew or should have known that its claims were baseless when it filed the California actions is in the end a close call; but one which this Court would be inclined to find tips over into the baseless range." Fee Order at 9. Further, the Court found that "what is not a close call is Realtime's awareness that its lawsuit in Delaware was undeniably tanking and its decision to run off to another jurisdiction in hopes of getting a more favorable forum was totally unjustified." *Id.* That is, "Realtime's decision to voluntarily dismiss the Delaware action and then bring these two actions in California was exceptional and improper." *Id.* at 10.[1]

The Court's findings support the supplemental fees Netflix seeks here—which all resulted from Realtime's filing the California actions. Indeed, once a court determines that a case is exceptional, it may award fees "for the entire case, including any subsequent appeals." *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 517 (Fed. Cir. 2014). And, as discussed, courts regularly award fees under Section 285 for post-judgment work such as appeals, fee requests, and judgment enforcement. *Action Star Enterprise Co. v. KaiJet Technology International, Ltd.*, is instructive. *See* No. cv 12-08074, 2015 WL 12752877 (C.D. Cal. June 24, 2015). There, KaiJet sought fees it incurred in responding to Action Star's appeal and in bringing a supplemental fees motion after the court had previously ruled the case exceptional. *Id.* at *1. The court awarded fees for the appeal, fees motion, and gamesmanship with respect to the bond. The court explained that "Action Star

---

[1] The fact that the Federal Circuit affirmed on an alternative ground does not vitiate or affect this Court's finding of exceptionality, which remains part of the judgment following the remand. *See Trs. of S. Cal. Bakery Drivers Sec. Fund. v. Middleton*, 366 F. App'x 810, 812 (9th Cir. 2010) (citing *Firth v. United States*, 554 F.2d 990, 993-94 (9th Cir. 1977)).

brought a meritless case and then extended that case, and KaiJet's defense costs, via the appeal." *Id.* at *3. Even more, "after agreeing, in lieu of a bond, to escrow the previously-awarded attorneys' fees pending appeal, Defendant attempted to delay release of the funds from escrow"—providing "yet another instance of Action Star imposing unwarranted costs on KaiJet." *Id.* The court found that fees for the appeal were warranted "to fully compensate Defendant for the defense of a meritless case." *Id.* The court also explained that "[f]ees incurred in preparing and litigating the motion for attorneys' fees are likewise recoverable." *Id.* at 4 (collecting cases).

The same reasoning applies here. Realtime's re-filing of the Delaware action in this Court, after it knew the weakness of its claims, was exceptional, and Netflix's work defending this meritless case continued after the original fee award, including responding to Realtime's efforts to evade the judgment and appeal. Moreover, for more than three months, Realtime refused to post a bond to secure the judgment—instead requiring Netflix to incur costs serving discovery requests, scheduling a Debtor's exam, and preparing a motion to compel. This serves as yet another reason why Realtime's conduct in this case is exceptional. *Cf. id.* at *3. The Court should award fees for Netflix's work following this Court's fee order.

### B. This Court should also use its equitable power to award fees for Realtime's sanctionable conduct.

Independently, the Court may award the supplemental fees under its inherent power. Sanctions such as attorney fees are within a court's inherent power "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)). This includes "conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Further, a "party may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders." *Chambers*, 501 U.S. at 57.

Such an award may include Netflix's work enforcing the judgment and responding to Realtime's appeal, since that work flowed directly from the conduct this Court has already found to be sanctionable. *See Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-00292, 2017 WL 1196147, at *4 (S.D. Ohio Mar. 31, 2017) (awarding supplemental attorney fees for defense of unsuccessful appeal where "appellate attorney's fees 'stemmed directly' from [previous] sanctionable conduct" (quoting *Liberis v. Craig*, 845 F.2d 326, at *7 (6th Cir. 1988) (Table))).[2]

At a minimum, the Court should use its inherent power to award the fees Netflix incurred as a result of Realtime's continued sanctionable conduct—namely, Realtime's bad-faith obstruction of the enforcement of this Court's judgment. For months following the expiration of stay of enforcement, Realtime avoided satisfying the judgment or posting a bond. Gregorian Decl. ¶¶ 10-12, 19-24; Exs. C, I-O. Instead, it engaged in the same type of conduct for which it was originally sanctioned. First, Realtime did not provide a definite answer to multiple inquiries from Netflix asking Realtime to pay the judgment or post a bond, forcing Netflix to serve post-judgment discovery. *Id.* ¶¶ 10-12, 14. Realtime then did not answer that discovery; rather, it responded with meritless objections, declined to withdraw those objections despite multiple conferences in which Realtime's counsel could offer no basis in law for asserting them, and refused to discuss its objections to individual requests even

---

[2] At the conference of counsel, Realtime argued that *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) precludes an award of fees for the appeal under this Court's inherent power. But *Cooter* concerned an award under Federal Rule of Civil Procedure 11, which governs only trial court proceedings. *Id.* at 406-07. Based on that limitation, *Cooter* held that a district court may not use Rule 11 to award fees on appeal. A district court's inherent power, by contrast, is not limited to addressing only conduct directly before it. *See Chambers*, 501 U.S. at 57 ("As long as a party receives an appropriate hearing, as did Chambers, *see* 124 F.R.D., at 141, n. 11, the party may be sanctioned for abuses of process occurring beyond the courtroom . . . .").

though its *own responses* had invited such a discussion. *Id.* ¶¶ 16-18.[3] It was not until Netflix prepared and sent Realtime a joint stipulation regarding its motion to compel that Realtime finally secured the judgment. *Id.* ¶¶ 23-24.

This conduct was in bad faith. *See Fink*, 239 F.3d at 992, 994; *see also Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) ("A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument' . . . ." (quoting *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996))). The Court should use its inherent power to award Netflix its fees for this work.

### C. Netflix's requested attorney fees are reasonable.

The fees Netflix requests are reasonable. Netflix seeks the attorney fees it incurred trying to secure the Court's judgment pending appeal, in responding to Realtime's appeal, and in preparing this motion. These fees are more fully described in the declaration accompanying the motion, but they include:

- $40,452.50 for work by Fenwick & West LLP in this Court asking Realtime to satisfy the judgment or post a bond, serving post-judgment discovery requests and applying for a debtor examination when Realtime refused to engage in conversations about posting a bond or paying the judgment, and drafting and serving a motion to compel after Realtime refused to respond

---

[3] Realtime's objection to every single request as "premature" because an appeal was pending was in bad faith, because the law is crystal clear that the mere pendency of an appeal has no effect on the enforcement of judgment. *See* Fed. R. Civ. P. 62(c) (unless the debtor moves for a stay of enforcement or posts a bond, the judgment is enforceable immediately following expiration of the 30-day stay); *see also Tradeline Enters. Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC*, No. LA CV15-08048, 2019 WL 6898959, at *3 (C.D. Cal. Apr. 15, 2019) ("A judgment is only stayed pending appeal where the judgment debtor has posted a supersedeas bond. . . . [Otherwise], the judgment becomes enforceable, and proceedings related to execution of the judgment are appropriate, 30 days after the entry of the judgment." (citing Fed. R. Civ. P. 62(a); 11 Wright & Miller, Federal Practice & Procedure § 2905)).

to the discovery requests, refused to confer about individual requests, and delayed posting the bond for months. (*See* Gregorian Decl. ¶ 41.)

- $287,046.90 for work by Fenwick & West LLP responding to Realtime's appeal of the Court's order, including briefing and filing Netflix's response brief, preparing for and participating in oral argument, and preparing and filing a letter pursuant to Federal Rule of Civil Procedure 28(j). (*Id.* ¶ 37.) This amount excludes work performed for the cross-appeal.
- $55,450.10 for work by Fenwick & West LLP preparing this motion and supporting materials through November 11. Netflix plans to supplement its request for fees to include the remaining briefing and argument for this motion. (*Id.* ¶¶ 41, 44.)

The Court has previously found that "the award requested by Netflix's counsel represents an appropriate lodestar amount," Fee Order at 16, and numerous courts have held that the rates of these counsel are reasonable for similar work. *See* Gregorian Decl. ¶¶ 28, 32. Accordingly, Netflix respectfully requests that the Court grant its full request.

## IV. CONCLUSION

For the foregoing reasons, Netflix respectfully requests that the Court grant its motion for supplemental attorney fees.

Dated: November 17, 2022           FENWICK & WEST LLP

By: /s/ Todd Gregorian
Todd Gregorian
Attorneys for Defendants
NETFLIX, INC. and NETFLIX STREAMING SERVICES, INC